FRUGÉ, Judge ad hoc.
Defendant appeals from a District Court judgment in favor of plaintiffs in the main demand and rejecting his reconventional demand growing out of certain stipulations and agreements with respect to a refund' of a prorate of the taxes paid by plaintiff and other matter in connection therewith in connection with a promise and resulting sale of real estate by defendant to plaintiffs.
In June 1954, plaintiffs Drs. John Ray Powers, David Van Gelder and Ben F. *326 Thompson, Jr. agreed to purchase certain real estate from defendant, E. L. Berdon. The agreement was reduced to a written document which appears in evidence and in paragraph 9 of this agreement, it states that: “Taxes are to be pro-rated.” Pursuant to this agreement, the act of sale was consummated on August 13th. The Act of sale also provides that taxes shall he pro-rated.
In order to understand the issues, it might be well to quote a supplementary agreement which' shows the real basis of this suit and is reproduced in full as follows:
“Baton Rouge, La.
“August 13, 1954 “Mr. Edward Louis Berdon,
“Baton Rouge, Louisiana “Dear Mr. Berdon:
“Re: Lots 5, 6, 8, and 10, Square 8, Ogden Park.
“It is our understanding that you refund to Drs. Powers, Van Gelder and Thompson two-third (}/z) of the amounts assessed as taxes on the subject property for the year 1954.
“We also understand that you will refund any amounts due to the doctors and Lamar Advertising Company arising out of the rent prepaid on the sign presently placed on the property.
“It is also agreed that if and when any refund is made by Jefferson Standard Life Insurance Co. on the penalty assessed for payment of the mortgage note on the property that the doctors will refund whatever amount or credit they receive in this regard to you.
“Very truly yours,
“s/ John Ray Powers “John Ray Powers
“s/ David Van Gelder “David Van Gelder
“s/ Ben F. Thompson, Jr. “Ben F. Thompson, Jr.
“The above agreed to this 13th day of August, 195^
“s/ Edward Louis Berdon Edward Louis Berdon”
The evident purpose of the above agreement was to clarify beyond doubt the intentions of the parties in relation to pro-ration of taxes and refund of prepaid rent. It obligated the defendant Berdon to do two things: (1) to refund to Dr. Powers, et als. two-thirds (%) of the amount of the 1954 taxes; (2) to refund any amounts due plaintiffs and Lamar Advertising Company for prepaid rent. We observe that item (2) passes out of the picture because the refund with respect to Lamar Advertising Company was settled.
The third paragraph contained in the above agreement shows that “if and when” any refund is made by Jefferson Standard on the loan pre-payment penalty this would go to Berdon. The record reflects that if and when plaintiff Dr. Powers and others et als. should complete a loan with Jefferson Standard Life Insurance Company, Ber-don was to receive in refund to him the penalty which was paid on his behalf to said Jefferson Standard in order to cancel a prior loan which defendant owed said insurance company.
As it turned out the plaintiffs were unable to close a loan with said insurance company for the reasons that they needed more money than Jefferson was willing to loan on the property and they were forced to negotiate with others. The record reflects that while it is true that the penalty refund to Berdon was contingent upon the plaintiffs taking out a loan of their own with Jefferson Standard, that there is nothing in the record to show that plaintiffs obligated themselves to Berdon to do so. As we view it, the supplemental agreement of August 13th did make it plain that if a penalty refund should be forthcoming it would be paid over to Berdon. The court is unable to find that if the plaintiffs failed to negotiate a loan with Jefferson Standard that they nevertheless obligated themselves in any way for this refund. When the plaintiffs were unable to negotiate a satisfactory loan with Jefferson Standard the penalty refund was never made. We have searched the record in vain for any subsequent agreement to the August 13th *327 agreement to sustain plaintiffs’ position in reconvention.
Defendant has confessed judgment in favor of plaintiffs for the sum of $295.04. It is our view that the District Judge properly summed up the reconventional issue when he said:
“From the evidence offered I am unable to find evidence whereby plaintiffs obligated themselves to the defendant to accept a loan from the Jefferson Standard Life Insurance Company, nor is there any evidence that Plaintiffs agreed to assume the mortgage given by Defendant to Jefferson Standard Life Insurance Company.”
For these and foregoing reasons the judgment appealed from is affirmed.
Affirmed.